UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA MORRISON,

Plaintiff,

v.

PALACE ENTERTAINMENT HOLDING, LLC,

Defendant.

Case No.: 3:26-cv-3774-AGS-JAC

**ORDER DENYING MOTIONS TO WITHDRAW; ORDER SETTING STATUS CONFERENCE; ORDER DISCHARGING ORDER TO SHOW CAUSE**

**[ECF Nos. 11, 12, 19]**

Presently before the Court are two pending motions, a Motion to Substitute Attorney (ECF No. 11) and Motion to Withdraw as Attorney (ECF No. 12) (herein, the "Motions"). On October 2, 2026, the Court held a Status Conference to discuss the pending Motions as well as the status of settlement. The Court had a sealed, on the record discussion with Plaintiff and Plaintiff's counsel regarding the nature of the Motions. From that conversation, it became clear that these are Motions by Plaintiff's counsel to withdraw rather than Plaintiff's request to substitute herself as counsel in this case pro se. For the reasons stated below, the Court **DENIES** the Motions.

//

//

## I. **Background**

The Court will only outline the preceding background that is relevant to the status conference and this present order. On August 14, 2026, the parties filed a Notice of Settlement. ECF No. 9. The Court filed an Order Confirming Settlement and Setting Deadline to File a Joint Motion for Dismissal that same day. ECF No. 10. Then, on September 3, 2026, the two pending Motions were filed by Plaintiff seeking to "substitute[] herself as incoming pro se litigant in place of outgoing counsel." ECF No. 11; *See also* ECF No. 12. Judge Schopler ordered the parties to file a status update "[i]n light of the parties' notice of settlement . . . and subsequent counsel-substitution request[.]" ECF No. 13. The parties filed their Joint Status Report on September 18, 2026. ECF No. 14.

On September 24, 2026, this Court ordered Defense counsel, Plaintiff's counsel, and Plaintiff appear for a virtual status conference on September 30, 2026. The Court also ordered that the Joint Status Report be sealed because it contained confidential settlement communications. ECF No. 16. Because of Plaintiff's counsel's failure to provide Plaintiff with the videoconference information, Plaintiff did not appear for the September 30, 2026, status conference. ECF No. 17. The Court ordered Defense counsel, Plaintiff's counsel, and Plaintiff to appear again for a remote status conference on October 2, 2026, ECF No. 18, and ordered Plaintiff's counsel to show cause why sanctions should not be imposed related to Plaintiff's failure to appear at the September 30, 2026, status conference. ECF No. 20. Before the Court filed its Order to Show Cause, Plaintiff's counsel, Gregory S. Hood, filed a declaration regarding the circumstances leading to the failure to appear. ECF No. 19.

On October 2, 2026, Plaintiff, Plaintiff's counsel, and Defense counsel appeared for the status conference. This order follows.

## II. **Legal Standard**

In the Southern District of California, "the Court looks to the ABA's Model Rules of Professional Conduct" rather than the California Rules of Professional Conduct when determining whether an attorney will be permitted to withdraw from their representation

of their client. *RB Capital Partners, Inc. v. Cyberlux Corp.*, 24-cv-1434-AJB-BJW, 2026 WL 499090, at *2 (S.D. Cal. Feb. 23, 2026) (citing *In re Mitchell*, 901 F.2d 1179, 1184 (3d Cir. 1990)); *see also Suarez v. Del Toro*, 22cv21-GPC-BLM, 2023 WL 149105, at *2 (S.D. Cal. Jan. 10, 2023) (explaining that the "Court looks to the ABA's Model Rules of Professional Conduct" because the Civil Local Rules no longer state that attorneys practicing before the Southern District of California comply with the standards of professional conduct required by the California State Bar.).

Under the ABA's Model Rules of Professional Conduct (the "Model Rules"), there are two types of withdrawal: mandatory withdrawal and permissive withdrawal. Under Model Rule 1.16(a), an attorney is required to withdraw from representing a client if: "(1) the representation will result in violation of the Rules of Professional Conduct or other law; (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or (3) the lawyer is discharged." Bennett et al, Annotated Model Rules of Professional Conduct § 1.16 (10th ed. 2023).

Permissive withdrawal is governed by Model Rule 1.16(b). Under section 1.16(b), an attorney may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

*Id.* Further, an attorney seeking to permissively withdraw may not do so "except by leave of court." *Hayes v. County of San Diego*, 25-CV-1742-GPC-BLM, 2026 WL 613616, at *1 (S.D. Cal. Mar. 3, 2026) (quoting *Darby v. City of Torrance*, 810 F. Supp. 275, 276

(C.D. Cal. 1992)). When determining whether to grant or deny an attorney's motion to withdraw, courts should consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.* (citing *Deal v. Countrywide Home Loans*, No. C09 01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010)).

## III. <u>Discussion</u>

### A. Plaintiff's Counsel's Motions to Withdraw

Here, Model Rule 1.16(a) does not apply. Plaintiff did not discharge her attorney. Nor did Mr. Hood's representations to this Court at the October 2 status conference demonstrate that his continued representation of Plaintiff will result in a violation of the Model Rules or that he is impaired and unable to represent Plaintiff. Therefore, the Court will determine whether Mr. Hood can permissively withdraw under Model Rule 1.16(b).

Looking at all four factors laid out in *Hayes*, the Court does not find good cause to grant Mr. Hood permission to withdraw from representing Plaintiff at this time. First, the Court does not find Mr. Hood's reason for seeking withdrawal compelling. As is laid out in his declaration, Mr. Hood has "never, in [his] 39 years of practice, ever represented a client in a Federal Civil court matter." ECF No. 19. Mr. Hood expressed similar competency concerns at the October 2 status conference. While the Court believes Mr. Hood's concerns regarding his ability to practice in federal court due to his limited experience are sincerely felt, those concerns are not sufficient grounds to grant an attorney permission to withdraw. This is especially true given that Plaintiff herself explicitly stated at the October 2, 2026 status conference that she would not have brought the Motions had she known that the relief sought would leave her unrepresented and require her to proceed pro se. Therefore, this factor cuts against the Court granting Mr. Hood permission to withdraw from representing Plaintiff.

The other three factors also weigh in favor of denying the Motions. This case was on the verge of settlement, indicated by the filing of a Notice of Settlement and by the

terms contained in the now-sealed Joint Status Update. *See* ECF No. 9; *see also* ECF No. 14. Additionally, as stated above, Plaintiff told the Court she does not want to proceed without an attorney. Permitting Mr. Hood to withdraw from this case on the eve of settlement would not only inevitably delay resolution of this case but could potentially prejudice Defendant and harm the administration of justice. As such, the Court **DENIES** the Motions.

**B. Status Conference**

The Court hereby **SETS** a remote status conference for **November 2, 2026**, at **2:00 p.m**. to determine whether Plaintiff has been able to obtain new counsel and/or whether the parties have finalized the settlement of this case. Videoconference information to follow this order. All counsel of record, and Plaintiff Maria Morrison, are required to appear at the status conference. Mr. Gregory S. Hood is ordered to provide Plaintiff Maria Morrison with the videoconference information and ensure her attendance at the status conference.

**C. Order to Show Cause Hearing**

Pursuant to discussions held at the October 2, 2026 status conference, and for good cause shown, the Court hereby **DISCHARGES** the OSC and vacates the hearing set for October 9, 2026. Plaintiff's counsel need not file any further declaration regarding this matter.

//

//

//

//

//

//

//

//

//

## IV. Conclusion

For the reasons stated above, the Court **DENIES** both of Plaintiff's counsel's motions to withdraw. [ECF Nos. 11 and 12.] The Court **SETS** a remote status conference for **November 2, 2026**, at **2:00 p.m**. Finally, the Court **DISCHARGES** the Order to Show Cause [ECF No. 19] and vacates the October 9, 2026 hearing without the need for counsel to file any further declaration.

**IT IS SO ORDERED**.

Dated: October 7, 2026

Hon. Janet A. Cabral
United States Magistrate Judge